16-2540-cv(L)
*United States v. Westchester Cty.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of April, two thousand seventeen.

PRESENT:  GUIDO CALABRESI
DENNY CHIN,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA, *ex rel.* ANTI-DISCRIMINATION CENTER OF METRO NEW YORK, INC.,

     *Plaintiff-Appellee,*

             v.

WESTCHESTER COUNTY, NEW YORK,

     *Defendant-Appellant.*

16-2540-cv(L)
16-2549-cv(CON)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLEE:       DAVID J. KENNEDY, Assistant United States Attorney (Benjamin H. Torrance, Assistant United States Attorney, *on the brief*), *for* Joon H. Kim, Acting United States Attorney for the Southern District of New York, New York, New York.

FOR DEFENDANT-APPELLANT:       ROBERT F. MEEHAN, Westchester County Attorney (Linda M. Trentacoste, Associate County Attorney, Justin R. Adin, Senior Assistant County Attorney, and Allison E. Burke, Assistant County Attorney, *on the brief*), Westchester County Attorney, White Plains, New York.

FOR AMICUS CURIAE       EDWARD J. PHILLIPS, Keane & Beane, P.C., TOWN OF NEW CASTLE:       White Plains, New York.

Consolidated appeals from the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the opinions and orders of the district court are **AFFIRMED**.

Defendant-appellant Westchester County, New York (the "County"), appeals from the opinions and orders of the district court entered July 18, 2016 and May 24, 2016, finding that the County breached a consent decree entered into with the Department of Justice on August 10, 2009 (the "Consent Decree"). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review the district court's interpretation of a consent decree *de novo*, *United States ex rel. Anti-Discrimination Ctr. of Metro N.Y., Inc. v. Westchester Cty.*, 712 F.3d

2

761, 767 (2d Cir. 2013), and its factual findings for clear error, *United States v. Broadcast Music, Inc.*, 275 F.3d 168, 175 (2d Cir. 2001). We review a district court's orders granting relief for violation of a consent decree for abuse of discretion. *Westchester Cty.*, 712 F.3d at 767. The district court found that the County violated paragraphs 7 and 32 of the Consent Decree. We affirm substantially for the reasons given by the district court, adding only the following.

### A.    Paragraph 32

Paragraph 32 of the Consent Decree required the County to complete, within 120 days, an analysis of impediments to fair housing choice ("AI") "deemed acceptable by [the United States Department of Housing and Urban Development ("HUD")]." App. at 213-14. The district court concluded that the County breached paragraph 32 by not completing an AI acceptable to HUD. We agree.

First, it is undisputed that HUD has not accepted any AI submitted by the County since it entered the Consent Decree more than seven years ago. In *Cty. of Westchester v. U.S. Dep't of Hous. & Urban Dev.*, 802 F.3d 413 (2d Cir. 2015), we held that HUD justifiably rejected the County's AI submissions because of its failure to adequately analyze the impediments that municipal zoning laws presented to fair housing choice. *Id.* at 432-33. The County is not entitled to relitigate that issue now. *Zdanok v. Glidden Co., Durkee Famous Foods Div.*, 327 F.2d 944, 953 (2d Cir. 1964) ("[W]here litigants have once battled for the court's decision, they should neither be

3

required, nor without good reason permitted, to battle for it again."). Nor has the County submitted an acceptable AI since our decision in 2015.

Second, the County's assertion that it *has* complied because HUD's refusal to accept its AIs was unreasonable fails. As the United States demonstrates convincingly, HUD refused to accept the County's AIs for good reason.

Third, the County also argues that it should no longer be required to submit an AI. We are not persuaded. The County's attempt to re-write the Consent Decree is rejected.

## B. Paragraph 7

Paragraph 7 of the Consent Decree required the County to build 750 units of affordable housing by 2016. Specifically, paragraph 7(i) required the County to

> use all available means as appropriate to achieve the [building of the 750 units], including, but not limited to, developing financial or other incentives for other entities to take steps to promote [those] objectives . . . , and conditioning or withholding the provision of County funds on actions that promote [those] objectives . . . .

App. at 198. Paragraph 7(j) required that

> [i]n the event that a municipality does not take actions needed to promote the [building of the 750 units], or undertakes actions that hinder [those] objectives . . . , the County shall use all available means as appropriate to address such action or inaction, including, but not limited to, pursuing legal action.

App. at 199.

On May 24, 2016, the district court found that the County breached Consent Decree ¶¶ 7(i)-(j), by, *inter alia*, failing to build 28 units at Chappaqua Station in

4

the Town of New Castle ("New Castle").  The district court concluded that the County failed to adequately address the opposition of New Castle to the development, in derogation of its obligations under paragraph 7.  The district court found that the County breached paragraph 7(i) because its support for Chappaqua Station had "been inconsistent, slow, and half-hearted," and faulted the County for its delays and lack of support for the project.  App. at 173-75.  The district court similarly held that the County breached paragraph 7(j) because "[New Castle's] actions are precisely the type of municipal opposition that the Consent Decree anticipated might occur and that impose upon the County the affirmative obligation to use 'all available means as appropriate' to counteract such hostility."  App. at 176.  The district court's conclusions are amply supported by the record.

New Castle, as *amici*, urges us to hold that the district court erred in concluding that the County violated paragraph 7(j), which required that the County "use all available means" to address New Castle's "actions" that "hinder" the Chappaqua Station project.  App. at 199.  New Castle argues that by expressing unfavorable opinions about the Chappaqua Station project, it did not engage in any action that "hindered the project in any discernible way," Amicus Br. at 1, and, therefore, the County's obligations under paragraph 7(j) were not triggered.  The district court, however, never took issue with the right of New Castle officials to express views on the Chappaqua Station project; rather, the district court saw those statements as evidence of opposition to the project.  Moreover, the district court reasonably viewed the statement

5

of the New Castle building inspector that he would move the Chappaqua Station building permit application "all the way to the bottom of the pile," App. at 1411, as evidence of an intent to delay the project.

Finally, the County disputes the district court's finding that the site remediation permit granted for Chappaqua Station does not qualify as a building permit for purposes of paragraph 23, which sets forth a schedule for the development of the 750 units required by paragraph 7. Specifically, by the end of 2016, the County was required to have financing in place and building permits for 750 new affordable housing units. The site remediation permit issued to the developer on December 29, 2015 does not allow the developer to begin actual construction of the development and is therefore not a building permit. As the district court held, "a preparatory stage permit, such as a site remediation permit, cannot qualify as the building permit described in ¶ 23." App. at 183.

. . .

We have considered the County's remaining arguments and conclude they are without merit.

We note that these consolidated appeals are the sixth and seventh appeals by the County from the district court's ongoing efforts to ensure the County's compliance with its obligations under the Consent Decree. All of these appeals have been rejected, and it is apparent that the County is engaging in total obstructionism.

6

The County would be well-advised to stop making excuses, and to complete its

obligations under the Consent Decree with diligence and dispatch.

Accordingly, we **AFFIRM** the opinions and orders of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk